UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY SAVAGE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CALIFORNIA DEPT. OF<br>CORRECTIONS & REHAB.,<br><br>　　　　Respondent. | No. 2:18-cv-01571-GGH<br><br>ORDER |

Petitioner, appearing pro se, filed a petition for a writ of habeas corpus on May 11, 2018, ECF No. 1, claiming prison officials made an impermissible change in the conditions of his incarceration insofar as his right to spousal visits was terminated on August 17, 2017, based on a rape arrest that occurred in 1978 for which he was questioned and released without any charges being filed. Petitioner avers that he had been afforded such visits 1984. Id. at 2. There are, however, some procedural issues that prevent this court from moving forward on this case.

First petitioner neither sought in forma pauperis ["IFP"] status pursuant to 28 U.S.C. section 1915, nor has he paid the filing fee required by this Court in lieu thereof. Therefore petitioner will be directed to complete a start IFP application form that will be forward to him by the Clerk of the Court. Second, it appears that petitioner may be pleading for relief under the wrong legal theory.

////

1

*THE PETITION*

Petitioner is housed at the California Health Care Facility in Stockton California and has been since his conviction and sentencing on June 22, 1984. Id. at 1. He alleges that his marriage to his wife Linda apparently occurred after his incarceration and that he was approved by prison authorities to have conjugal visits with her in 1984. See Exhibit 1 at 11.[1] On February 17, 2017 the Department of Corrections and Rehabilitation made a revision to the Family Visiting (Overnight) Eligibility standards to disallow such visits if the inmate had been convicted at any time for a violent offense involving a minor or family member or any sex offense which is listed in a Memorandum sent to all Wardens in the system. See Exhibit 2 at 13-14. Petitioner protested the application of the revised regulation to him in an Inmate/Parolee Appeal executed by him on March 16, 2017, indicates he was interviewed in connection with it on April 1, 2017, and that it was completed on April 10, 2017. See Exhibit 3 at 16. On April 10, 2017 petitioner received a Response to his first level appeal which partially granted his request but advised he could pursue the matter through two more levels of administrative review if he so desired. See Exhibit 3 at 16-21. He proceeded to the second level of appeal, where he addressed the use of an arrest dismissed without formal charge and no conviction as the basis for the denial of his visitation request was also denied on grounds of records showing a "pattern of abuse" although no criminal conviction, and his disciplinary record. Id. at 23-26. Petitioner then proceeded to the Third Level of Review which also resulted in a denial of his request on essentially the same grounds as relied upon at the Second Level. Id. at 27-29. He also petitioned for habeas in the San Joaquin Superior Court, Exhibit 4 at 30-31, the Third District Court of Appeal, Exhibit 5 at 33-34, and the California Supreme Court, Exhibit6 at 35-36, each of which denied his claim.

*SUFFICIENCY OF THE CLAIM*

The conditions to bringing a writ of habeas corpus in the federal courts are succinctly stated in 28 U.S.C. section 2254(a). "The Supreme Court, a Justice thereof, a circuit judge, or a

---

[1] Petitioner does not seek judicial notice of documents he has attached as Exhibits to his petition but since they are all official state documents the authenticity of which can be accurately and readily determined from sources that cannot reasonably be questioned, Fed. Evid. Code § 201(b)(2) the court will take judicial notice of them on its own. Fed. Evid. Code § (c)(1).

district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. Insofar as petitioner is not challenging the judgment of the Butte County Superior Court where he was convicted, but rather challenging the conditions of his confinement in that institution, habeas corpus, then, is not a proper vehicle for petitioner. See Preiser v. Rodriguez, 411 U.S. 475 (1973).

When addressing claims brought by a pro se litigant, the court holds the litigant to a less stringent standard than those applied to pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). In this case there is a potential for a properly alleged claim under a different legal theory.

*42 U.S.C. SECTION 1983*

Petitioner has stated a colorable claim for relief based on allegations he has had an impermissible alteration of his visiting rights which is an issue that can be raised pursuant to 42 U.S.C. section 1983. That code section reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

In order to avail himself of the remedies available under this code section, petitioner must name specific defendants alleged to have personally participated in the alleged deprivation of his

3

constitution rights, or those who knew of the violations and failed to act to prevent them or implemented a policy that repudiates constitutional rights and was the moving force behind the alleged violations. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Hanson v. Black, 885 F.2d 642 (9t Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989).

Here plaintiff has named the California Department of Corrections and Rehabilitation as the enforcer of the rules to which he claims he is unconstitutionally being subjected, but not the individuals who are claimed to have impermissibly applied the visitation rules against him on unconstitutional grounds. He must properly name defendants specifically if he chooses to amend under this code section. Under the Eleventh Amendment to the Constitution, neither a California Department nor any other state institution, can stand as a named defendant. In his administrative appeal petitioner identifies the Warden, Mr. Martal, as a primary actor in the decision to which he has been bound, and suggests it was the result of personal animus against him. Exhibit 3 at 17-18, 20, thus suggesting he may be a viable defendant. Petitioner may be aware of others who played a role either directly or indirectly who he also believes acted improperly, i.e., an individual may be a proper defendant if he or she was made aware of the violations and failed to act to prevent them or implemented a policy that was the moving force behind the alleged violations as described in Larez, supra.

If petitioner chooses to take advantage of the opportunity to amend his petition, he should label it a "complaint," denominate himself as "Plaintiff," rather than "Petitioner," and name those from whom he seeks redress as "Defendants" rather than "Respondents." He should also be cognizant of the direction for the proper content and form of a civil pleading found in Federal Rule of Civil Procedure 8, among others.

*CONCLUSION*

In accordance with the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to send petitioner a new Application to Proceed In Forma Pauperis By a Prisoner;

2. Petitioner's petition is dismissed with leave to amend in accordance with the terms of this Order if he so chooses;

4

3. Within 45 days of the date of this Order Petitioner shall file:

    a. A completed In Forma Pauperis application;

    b. A copy of his jail trust account statement for the six month period immediately preceding the filing of the petition or submit the filing fee required by the court.

    c. A First Amended Complaint that conforms to the dictates of this Order; or in the alternative, a notice of voluntary dismissal of his petition.

Petitioner is warned that failure to comply with this Order will result in a recommendation that the action be dismissed and the file closed.

Dated: June 11, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE